[Civ. No. 29033. First Dist., Div. Four. Aug. 23, 1971.]

DELMORE RAY POMEROY, Plaintiff and Respondent, v.
LELA ZION et al., Defendants and Appellants.

474

[redacted]

## COUNSEL

Hill, Janssen, Corbett & Dunaway and Victor M. Corbett for Defendants and Appellants.

John D. Cook for Plaintiff and Respondent.

## OPINION

**DEVINE, P. J.**—This appeal calls for construction of section 998 of the Code of Civil Procedure, a section enacted in 1969 which has not been interpreted previously.

There are two sections which provide for allowance or disallowance of costs following an offer to compromise. Section 997 has been effective and has been altered but slightly since the adoption of the Code of Civil Procedure in 1872, and enactment of its predecessor (which the code took over unchanged) 100 years ago. (Stats. 1851, ch. 5, § 390, p. 113.) At the time of the order appealed from (Aug. 10, 1970) the statute read, as it does now: "The defendant may, at any time before the trial or judgment, serve upon the plaintiff an offer to allow judgment to be taken against him for the sum or property, or to the effect therein specified. If the plaintiff accepts the offer, and gives notice thereof within 10 days, he may file the offer, with proof of notice of acceptance, and the clerk, or the judge where there is no clerk, must thereupon enter judgment accordingly. If the notice of acceptance be not given, the offer is to be deemed withdrawn, and cannot be given in evidence upon the trial; and if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs, but must pay the defendant's costs from the time of the offer. Any judgment entered pursuant to this section is deemed to be a compromise settlement." (Stats. 1969, ch. 277, § 1, p. 626.)

In 1969, there was enacted section 998, which reads: "Not less than 10 days prior to commencement of the trial as defined in subdivision 1 of Section 581, or at any settlement conference presided over by a judge of the court in which the action is pending, any party may serve an offer in writing to allow judgment to be taken in accordance with the terms and conditions stated at that time. If such offer is accepted, the judge shall enter judgment accordingly. If such offer is not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon the trial. If the party to whom the offer of judgment is made fails to obtain a more favorable judgment, he cannot recover costs, and the court *may* order him to pay to the party who made the offer, not only that party's taxable costs incurred from the date of filing the complaint, but also a reasonable sum to cover costs of the services of expert witnesses who are not regular employees of any party actually incurred and reasonably necessary in the preparation of the case for trial by such prevailing party. Police officers shall be deemed to be expert witnesses for the purpose of this section. Any judgment entered pursuant to this section shall be deemed to be a compromise settlement.

The provisions of this chapter shall not apply to eminent domain actions." (Italics added. Stats. 1969, ch. 570, § 1, pp. 1200-1201.)

On February 25, 1970, defendants offered to plaintiff as settlement of his personal injury action that "judgment be taken against them in the sum of $750.00, plus costs of suit incurred to date under the provisions of Section 998 of the California Code of Civil Procedure." The offer was not accepted; the case went to trial and the jury awarded plaintiff $488.05. Each side moved to tax the other's costs, and in addition, defendants sought to recover their costs, referring to their "statutory offer under the provisions of Section 998 of the California Code of Civil Procedure."

The trial judge was obliged to deny plaintiff's costs, because section 998 says he *cannot* recover costs unless the judgment be more favorable than the offer. But as to defendants' costs, he ruled this way: "Section 998 of the Code of Civil Procedure gives the court discretion in determining whether or not to allow the defendant to recover any costs. Considering all of the circumstances in this case, including the low amount of the verdict, IT WILL BE ORDERED that the Defendants be not entitled to recover any costs."

Defendants appeal, contending that sections 997 and 998 are to be read together and that so read, they require that a defendant be awarded all of his costs under section 997 with the exception of experts' fees, which are discretionary under section 998 (defendants in this case listed no experts' fees). Neither section requires designation of the applicable section, wherefore, argue appellants, the fact that section 998 was designated in the offer should not preclude defendants' present reliance on section 997.

We conclude that section 998 creates a new device for settlements and one that is independent of section 997. The differences between the two instruments for settlement are excellently described in Continuing Education of the Bar Review of Selected 1969 Code Legislation (pp. 88-89), as follows:

"(1) CCP 998 permits offers to be made by plaintiffs as well as defendants, whereas CCP 997 is limited to defendants' offers;

"(2) CCP 998 offers must be made at least ten days before trial or at a settlement conference and may be accepted before trial or within 30 days, whereas CCP 997 offers may be made any time before trial or judgment and must be accepted within ten days; and

"(3) Under CCP 997 costs from the date of the offer are recovered

as a matter of right, whereas under new CCP 998 costs from the date of the filing of the complaint, including costs of services of expert witnesses, are recovered at the discretion of the court. See Assembly J, September 8, 1969, p. 8277. Finally, the procedure in CCP 998 is not available in eminent domain actions. Since the procedures and consequences of a CCP 997 offer vary markedly from those of a CCP 998 offer, defense attorneys should specify the section under which the offer is made to avoid confusion."

It may be to defendants' advantage to proceed under section 998 in cases where a considerable amount of the costs has been incurred before the offer is made. The offeror will also take into consideration such matters as jury fees (which in this case, with reporter's fees, amounted to $196.50) in order to decide whether to make the offer under section 998. (It seems likely that section 998 on the whole was intended for the benefit of plaintiffs, especially with its provision for experts' fees which ordinarily are not recoverable as costs.) The caveat in the last sentence of the Continuing Education of the Bar excerpt is well taken.

In any event, we cannot change the wording of section 998, which clearly says that the court *may* order payment, not only of *taxable costs,* but also of experts' fees. Although defendants were not obliged to designate the section, when they did so they made possible, although not mandatory, recovery of costs earlier incurred, which they could not have had under section 997; they also made possible, although not mandatory, recovery of experts' fees had they engaged experts. Their offer served notice on plaintiff of these possibilities. Plaintiff cannot be held to responsibility under another statute than that which defendants selected. It is not material whether plaintiff or his counsel actually did weigh the alternate results under the two statutes. The rejection of an offer creates potential sanctions by force of a particular statute. Having invoked the statute, appellants must stand by their choice.

Appellants finally argue that if it be assumed that the court had discretion to award or not to award costs, the discretion was abused, because the order expressly was made on the ground of the "low amount of the verdict." The purpose of the statute, argue appellants, is to reward a party willing to make a reasonable settlement and to threaten sanctions against a party who refuses one. This purpose is thwarted, it is said, if the unreasonableness of the refusal, demonstrated by the small verdict, is not met with the use of the sanction. There would be merit to this argument, although perhaps not enough, to cause intervention by an appellate court, if the judge's reasoning necessarily were that taken by

appellants. But it is quite possible that the judge regarded the jury's verdict as a scant one (although not so meager as to call forth additur) and decided that it would be unfair to reduce it by almost 60 percent, by an award of defendants' costs. No abuse of discretion is shown.

The order is affirmed.

Rattigan, J., and Christian, J., concurred.