Filed 7/28/17; Certified for Publication 8/15/17 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ALEKSEI E. SVIRIDOV,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>CITY OF SAN DIEGO et al.,<br><br>　　　Defendants and Respondents. | D069785<br><br><br><br>(Super. Ct. No. 37-2008-00080855-CU-WT-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge. Affirmed.

Law Office of Milton J. Silverman and Milton J. Silverman, for Plaintiff and Appellant.

Mara W. Elliott, City Attorney, George Schaefer, Assistant City Attorney and Meghan A. Wharton, Deputy City Attorney, for Defendants and Respondents.

INTRODUCTION

Aleksei E. Sviridov appeals a judgment after the trial court awarded the City of San Diego and the San Diego Police Department (collectively the City or defendants) $90,387.28 in costs. Sviridov contends the City is not entitled to costs based upon *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 99 (*Williams*), which held that in actions based upon the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.), costs should not be awarded under Government Code section 12965, subdivision (b), to a defendant against an unsuccessful FEHA plaintiff "unless the plaintiff brought or continued litigating the action without an objective basis for believing it had potential merit." (*Williams*, *supra*, at pp. 99–100.) Sviridov also contends the Public Safety Officers Procedural Bill of Rights Act (POBRA; Gov. Code, § 3300 et seq.) prohibits an award of costs for the defense of his POBRA claim unless the action was frivolous or brought in bad faith. (Gov. Code, § 3309.5.) The City contends neither of these statutes applies because the City is entitled to its costs pursuant to Code of Civil Procedure section 998[1] since Sviridov rejected multiple statutory settlement offers and did not obtain a more favorable result. We conclude the City is entitled to costs pursuant to section 998 and we affirm the judgment.

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise stated.

BACKGROUND

A

This appeal follows three prior appeals in this court, *Sviridov v. San Diego City Civil Service Commission* (Nov. 22, 2010, D055109) [nonpub. opn.] (*Sviridov I*), *Sviridov v. City of San Diego* (Oct. 13, 2011, D056801) [nonpub. opn.] (*Sviridov II*), and *Sviridov v. City of San Diego* (Mar. 20, 2015, D064634) [nonpub. opn.] (*Sviridov III*).[2]

In *Sviridov I,* we described the background pertaining to Sviridov's November 2007 termination of his employment as a police officer, his October 2008 reinstatement and payment of back pay and benefits, Sviridov's failure to return to work thereafter, and his second termination. In the first appeal, Sviridov challenged an order denying his petition for administrative mandamus in which he sought a determination by the Civil Service Commission of the City of San Diego on the merits of his challenge to his first termination. We concluded Sviridov's administrative claim was moot in light of the decision to reinstate Sviridov and to pay his back pay and benefits.

The second appeal, *Sviridov II*, involved a demurrer and motion for summary judgment on Sviridov's third amended complaint asserting claims for wrongful termination stemming from his second termination, among others. We affirmed the summary judgment but reversed the trial court's order sustaining defendants' demurrer to Sviridov's ninth breach of contract cause of action and remanded the matter with

---

2    On our own motion, we take judicial notice of our prior unpublished appellate opinions. (Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b)(1); *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1171.)

directions to grant Sviridov leave to amend his complaint to state a cause of action under the POBRA and/or to seek appropriate mandamus relief.

Following remand, Sviridov filed a fourth amended complaint seeking relief under POBRA without pursuing a writ of mandate. The court entered judgment after a bench trial ordering Sviridov's reinstatement as a police officer and awarding him back pay and benefits. We reversed the judgment in *Sviridov III* concluding Sviridov was not entitled to POBRA relief because Sviridov did not timely appeal his termination with the office of the chief of police as required by a memorandum of understanding with the San Diego Police Officers' Association. We remanded the matter with directions to enter judgment in favor of the City and stated the City was entitled to costs on appeal.

B

After the remittitur, the City filed a memorandum of costs seeking $90,387.28. This included $46,489.01 in costs previously awarded after summary judgment was entered in favor of the City in 2010, with interest thereon, as well as subsequent costs.

Sviridov moved to strike the City's cost bill in its entirety contending *Williams, supra,* 61 Cal.4th 97 and POBRA preclude recovery of costs. He did not challenge any particular item of cost or the reasonableness of the costs requested.

The City opposed the motion to strike stating it was entitled to costs as the prevailing party under sections 1032 and 998 and neither POBRA nor *Williams* precluded recovery of costs for the majority of claims in this case. The City presented evidence that it served Sviridov with three statutory settlement offers under section 998 offering to waive costs in exchange for a dismissal of the action at separate key times throughout the

4

litigation from 2008 through 2010, after initial investigation of the suit, prior to trial, and after the grant of summary judgment. Sviridov rejected each offer. As a result, the City contended it was entitled to costs under section 998.

Sviridov did not respond to the section 998 argument in his reply to the City's opposition, and he did not challenge the reasonableness of the statutory settlement offers. Rather, Sviridov reiterated his position that since all of his claims were intertwined with FEHA claims, costs should not be awarded unless the action was objectively groundless based upon *Williams, supra,* 61 Cal.4th 97 and *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1062, footnote 20 (*Roman*).[3]

The court denied the motion to strike stating *Williams*, *supra*, 61 Cal.4th 97 did not apply because the only claim to survive to trial was the POBRA claim and Government Code section 3309.5 does not bar recovery of ordinary costs by a prevailing party. The court entered judgment in favor of the City and awarded the City its costs as requested.

## DISCUSSION

## I

We review a trial court's prevailing party determination and an award of costs for abuse of discretion. We independently review questions of law. (*Litt v. Eisenhower Medical Center* (2015) 237 Cal.App.4th 1217, 1221.) In doing so, we review the court's

---

[3] The appellate court in *Roman* concluded, unless a FEHA claim is frivolous "only those costs properly allocated to non-FEHA claims may be recovered by the prevailing defendant" under section 1032. (*Roman*, *supra*, 237 Cal.App.4th at p. 1062.)

ruling, not its reason for the ruling. (*Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329.)

Sviridov contends approximately $70,000 in costs awarded as a result of the summary judgment motion should be precluded by Government Code section 12965 and *Williams, supra,* 61 Cal.4th 97 because the costs claimed were primarily incurred for litigation of his FEHA claims and the judge who granted summary judgment denied the City's motion for attorney fees stating Sviridov did not prevail "because of a failure of proof," not because the action was "completely unreasonable, frivolous or meritless." Sviridov also contends the remaining $20,000 reflecting costs incurred in defense of the POBRA action should be precluded by the POBRA statute. The City contends these statutes do not apply because Sviridov rejected reasonable statutory settlement offers and it is entitled to costs pursuant to section 998, subdivision (c)(1).

The general rule for civil cases is "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (§ 1032, subd. (b).)

In actions brought under FEHA, Government Code section 12965, subdivision (b) states, "the court, in its discretion, may award to the prevailing party … reasonable attorney's fees and costs, including expert witness fees." The Supreme Court in *Williams, supra,* 61 Cal.4th 97 held this provision for a discretionary cost award is an "express exception" to section 1032, subdivision (b)'s mandate to award costs to a prevailing party. (*Williams,* at p. 105.) In authorizing discretionary awards of attorney fees and costs

6

under Government Code section 12965, subdivision (b), the Legislature "sought 'to encourage persons injured by discrimination to seek judicial relief.' " (*Williams,* at p. 112.)  Because the statute makes awards for costs and attorney fees discretionary, the Supreme Court determined the Legislature intended the court to exercise its discretion in the same manner for both and the rule established by *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n* (1978) 434 U.S. 412 [98 S.Ct. 694, 54 L.Ed.2d 648] applied to both attorney fees and costs.  (*Williams,* at pp. 114–115.)  Under this standard, the court concluded "a prevailing *defendant, …,* should not be awarded fees and costs unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so."  (*Id*. at p. 115.)

A third statute is at issue here, however, because the City made statutory offers to settle Sviridov's claim pursuant to section 998.  Former subdivision (c)(1) of section 998 provided, "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer.  In addition, in any action or proceeding other than an eminent domain action, the court …, in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses, …, actually incurred and reasonably necessary in either, or both, preparation for trial …, or during trial …, of the case by the defendant."[4]

---

4       Section 998, subdivision (c) was amended effective January 1, 2016, to limit expert witness costs to those incurred postoffer.  (*Id.*, subd. (c)(1); Stats. 2015, ch. 345, § 2, eff. Jan. 1, 2016.)  Previously, and at the time judgment was entered in this case, the

Section 998 is itself an exception to section 1032's provision that only a prevailing party is entitled to costs.  (See *Scott Co. v. Blount Inc.* (1999) 20 Cal.4th 1103, 1112 ["Section 998 modifies the general rule of section 1032."].)  It makes an award of ordinary costs mandatory against a plaintiff who did not accept a statutory offer to compromise and failed to obtain a more favorable judgment.  It also gives the court discretion to award reasonable expert witness costs.  Section 998 is " 'a cost-shifting statute which encourages the settlement of actions, by penalizing parties who fail to accept reasonable pretrial settlement offers.  A plaintiff who refuses a reasonable pretrial settlement offer and subsequently fails to obtain a "more favorable judgment" is penalized by a loss of prevailing party costs and an award of costs in the defendant's favor.' "  (*Guerrero v. Rodan Termite Control, Inc.* (2008) 163 Cal.App.4th 1435, 1440.)  In *Seever v. Copley Press, Inc.* (2006) 141 Cal.App.4th 1550, 1562, the appellate court explained that section 998 "is designed to create economic incentives on both parties to settle rather than try their lawsuits.  To do so, both sides must face some economic consequences if it turns out they miscalculate and lose.  Thus, seldom would a court properly deny a successful defendant its entire section 998 cost award, even in a FEHA case."  (See *Holman v. Altana Pharma US, Inc.* (2010) 186 Cal.App.4th 262, 281 [nothing in Gov. Code, § 12965 expressly disallows an award of expert costs under § 998 to a prevailing FEHA defendant].)

---

court had the prerogative to award expert witness costs incurred prior to the offer. (*Regency Outdoor Advertising, Inc. v. City of Los Angeles* (2006) 39 Cal.4th 507, 533.)

Sviridov did not respond substantively in his reply brief to the City's argument that *Williams* does not apply because the court properly awarded costs under section 998. Rather, he asserted, with no analysis or citation to legal authority, "just as [*Williams*, *supra*, 61 Cal.4th 97], precludes a prevailing defendant from recovering costs under section 1032, subd[ivision] (b)," then "so does *Williams* preclude a … successful defendant from recovering as a prevailing party under … section 998." We deem the failure to support this statement with reasoned argument a forfeiture. " ' "When an appellant [asserts a point] but fails to support it with reasoned argument and citations to authority, we treat the point as waived [or forfeited[5]]." ' [Citation.] 'We are not bound to develop appellants' arguments for them.' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) Failure to address any deficiency of the record regarding section 998 issue discussed in the respondents' brief similarly forfeits any error. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2016) ¶ 9:77.1.)

Even if we were to consider Sviridov's perfunctory argument, a blanket application of *Williams* to preclude section 998 costs unless the FEHA claim was objectively groundless would erode the public policy of encouraging settlement in such cases. (See *Williams*, *supra*, 61 Cal.4th at p. 108 [where a trial court has discretion under both Gov. Code, § 12965, subd. (b) and § 998, the court "should consider the policies behind both

---

5 "[T]he correct legal term for the loss of a right based on failure to timely assert it is 'forfeiture,' because a person who fails to preserve a claim forfeits that claim. In contrast, a waiver is the ' "intentional relinquishment or abandonment of a known right." ' " (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. 2.)

statutes"].)  Sviridov has not established the court did not properly consider the policies of both provisions in making the award in 2015.

We also conclude Government Code section 3309.5 does not preclude an award of costs in this case related to the POBRA action, particularly in light of the applicability of section 998.  Government Code section 3309.5, subdivision (d)(2) states, "If the court finds that a bad faith or frivolous action or a filing for an improper purpose has been brought pursuant to this chapter, the court may order sanctions against the party filing the action, the party's attorney, or both, pursuant to Sections 128.6 and 128.7 of the Code of Civil Procedure.  Those sanctions may include, but not be limited to, reasonable expenses, including attorney's fees, incurred by a public safety department as the court deems appropriate. *Nothing in this paragraph is intended to subject actions or filings under this section to rules or standards that are different from those applicable to other civil actions or filings subject to Section 128.6 or 128.7 of the Code of Civil Procedure*." (Italics added.)  This is a sanction statute allowing the court to impose sanctions against a party and/or his or her attorney for frivolous actions brought under POBRA.  The final sentence plainly states this statute does not create "rules or standards" for POBRA that are different from those applicable to "other civil actions."  (*Ibid.*)  This statute is not an express exception to sections 1032 or 998.

DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.


McCONNELL, P. J.

WE CONCUR:


NARES, J.


HALLER, J.

11

**CERTIFIED FOR PUBLICATION**


COURT OF APPEAL, FOURTH APPELLATE DISTRICT


DIVISION ONE


STATE OF CALIFORNIA


| | |
|---|---|
| ALEKSEI E. SVIRIDOV, | D069785 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2008-00080855-CU-WT-CTL) |
| CITY OF SAN DIEGO et al., | |
| Defendants and Respondents. | ORDER CERTIFYING OPINION FOR PUBLICATION |


THE COURT:

The opinion in this case filed on July 28, 2017, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the requests pursuant to rule 8.1120(a) for publication are GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

McCONNELL, P. J.

Copies to: All parties

2