Filed 10/31/25  Calandri v. Calandri CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| SHANNON CALANDRI, | B331862 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. BD651388 |
| JOHN CALANDRI, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Armando Duron, Judge Pro Tempore.  Affirmed.

Bright & Powell and Kevin Mauseth for Plaintiff and Appellant.

Law Offices of Richard A. Marcus and Richard A. Marcus for Defendant and Respondent.

Shannon Calandri (Shannon) filed a petition to dissolve her marriage with John Calandri (John). The parties later executed two settlement agreements providing for the disposition of their real property assets upon dissolution. Those agreements were incorporated into a judgment filed in the trial court.

Nearly nine months after the judgment's entry, Shannon filed a request for an order (RFO) setting aside one of the settlement agreements. The RFO asserted the agreement was ambiguous, as it was unclear whether Shannon was to receive a residence plus the two vacant lots adjacent to it, or whether she was to receive the residence alone. The trial court denied the RFO, finding the agreement unambiguously provided that Shannon was only to receive the residence.

Shannon seeks reversal of the order denying her RFO. She contends the trial court erred by: (1) focusing solely on the terms of the agreement in question and refusing to consider extrinsic evidence to ascertain whether it was reasonably susceptible to more than one interpretation; and (2) excluding from evidence an e-mail sent by John's counsel during the parties' settlement negotiations. We conclude the RFO is procedurally defective, and that Shannon's arguments are meritless. Accordingly, we affirm.

## BACKGROUND

Shannon and John were married in November 1982 and separated in October 2016. Two months after their separation, Shannon filed a petition for dissolution of marriage.

In January 2022, the parties executed two settlement agreements: (1) the "Memorandum of Settlement of Property Issues and Need-Based Attorney Fees and Order Thereon" (the Property Agreement); and (2) the "Memorandum of Settlement and Agreement on Specified Property Issues, and Order Thereon"

2

(the Water Rights Agreement).  These agreements set forth the disposition of the parties' extensive real estate portfolio upon their marriage's dissolution.

Relevant to this appeal, the Property Agreement stated that "40445 27th Street West," "R's current residence since separation"  and two parcels of "[v]acant land adjacent" to the residence, referred to as "N12 and 27th St West" (N12) and "N13 and 27th St West" (N13), were to be sold.  As to N12 and N13, the Property Agreement provided that each "property should be sold either along with the sale of the 27th West residence or independently . . . ."  The Property Agreement listed each of the three properties in separate rows in a table titled "CFLR Propertizer 2021-2022."

The Water Rights Agreement stated, among other things, that John was to receive certain water rights , and that Shannon was awarded "all right, title, and interest to" "[t]he residence located at 40445 27th Street West, Lancaster, CA," another real property in "Bass Lake, CA," and a boat.  The Water Rights Agreement further provided, "In regards to the 27th Street West and Bass Lake properties, the Respondent shall vacate said properties within 90 days.  The Respondent shall have exclusive use and possession of the 27th Street West property for the next 90 days . . . ."  The agreement did not refer to vacant land adjacent to the residence on 27th Street West and did not specifically refer to N12 or N13.

The settlement agreements were incorporated into a judgment on reserved issues entered in April 2022.  Consistent with the Property Agreement, paragraphs 2.2 and 2.3 of the judgment provided for the sale of N12 and N13, respectively.  Each lot had a unique legal description.  Consistent with the

3

Water Rights Agreement, paragraph 5.5.1.1 of the judgment awarded Shannon "all right, title and interest" to "[t]he residence located at 40445 27th Street West, Lancaster, CA," which also had a unique legal description.

In January 2023, Shannon filed an RFO to "[s]et aside and/or reform" the provision of the Water Rights Agreement awarding her "[t]he residence located at 40445 27th Street West, Lancaster, CA." She noted the parties had differing interpretations of this term, explaining: "John has claimed that this language does not include [the] two vacant lots [next to the residence], while Shannon always believed that it did include said lots." Shannon argued that her interpretation of the Water Rights Agreement should prevail over John's because during their marriage and throughout their divorce proceedings, the parties have always "us[ed] the term '40445 27th Street West' " to "include[ ] the two lots." Shannon therefore asserted she was entitled to ownership of the residence, as well as N12 and N13.

Following a hearing held in June 2023, the trial court denied Shannon's RFO, finding the term at issue in the Water Rights Agreement to be unambiguous. In so doing, the court rejected Shannon's proffered interpretation of the term, observing that "both lots N12 and N13 contain their own legal descriptions in the judgment."

Shannon timely appealed.

## DISCUSSION

I. *Shannon's RFO fails because the Water Rights Agreement has merged into the judgment*

Shannon's RFO only sought to set aside a portion of the Water Rights Agreement. But as discussed above, the Water Rights Agreement and the Property Agreement were

4

incorporated into the judgment.  As a result, the two agreements "merged into the judgment" and "cease[d] to have any independent legal significance . . . ."  (*In re Marriage of Lynn* (2002) 101 Cal.App.4th 120, 130; accord *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1220–1221.)  Accordingly, following its entry, the judgment alone governed the parties' rights and obligations with respect to the properties in question.  (See *In re Marriage of Lynn*, at p. 130.)  The Water Rights Agreement had " ' "only historical" ' " value.  (*In re Marriage of Corona*, at p. 1220.)  Shannon's RFO thus suffers from a fatal procedural defect because it seeks to set aside or modify a superseded agreement.

In her reply brief, Shannon argues the Water Rights Agreement "superseded" the judgment.  She appears to base this argument on paragraph 5.6 of the judgment, which states in relevant part: "To the extent that there are material differences inconsistent with this Judgment on Reserved Issues, the terms of" the Water Rights Agreement "shall prevail."

We reject this argument.  Shannon has forfeited her perfunctory contention by failing to support it with reasoned analysis accompanied by citations to legal authority.  (See *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620.)  " 'It is not our place to construct theories or arguments to undermine the [challenged order] and defeat the presumption of [its] correctness.' "  (*Ibid.*)

Shannon's argument also fails on the merits.  "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together."  (Civ. Code, § 1642.)  The Water Rights Agreement and the Property Agreement were created and executed at approximately the same time by the same parties and concerned the same subject, namely the division of property

rights between Shannon and John.  The two agreements should thus be treated as one transaction.  (See *Margolis v. Margolis* (1952) 115 Cal.App.2d 131, 136 ["since the documents related to the same matter and were executed together, obviously as one transaction, they were properly read together as one agreement"].)

Paragraph 5.6 of the judgment does not apply here because when read together, the Property Agreement and Water Rights Agreement are consistent with the judgment with respect to the meaning of "the residence" and the disposition of N12 and N13. The Property Agreement separately lists the residence, N12, and N13.  It states "40445 27th Street West" was respondent's "current residence since separation," while N12 and N13 were "[v]acant land . . . adjacent to the 27th Street West residence." The Water Rights Agreement awards Shannon "[t]he residence located at 40445 27th Street West, Lancaster, CA."  It says nothing about N12 and N13.  The judgment, too, awards Shannon "[t]he residence located at 40445 27th Street West, Lancaster, CA," and directs that N12 and N13 be sold.  Shannon has not and cannot point to any material inconsistency between the judgment and the Water Rights Agreement and Property Agreement.

II. ***Shannon has not demonstrated that the trial court relied solely on the Water Rights Agreement in finding the disputed term unambiguous***

In deciding whether to admit parol (extrinsic) evidence to interpret a term of a contract, the trial court must provisionally receive but not admit all credible evidence to determine whether the term is ambiguous, that is, it is reasonably susceptible to the

6

interpretation urged by a party. (*Wolf v. Superior Court* (2004) 114 Cal.App.4th 1343, 1351.) It is reversible error for the trial court to refuse to receive and consider such extrinsic evidence based on its "own conclusion that the language of the contract appears to be clear and unambiguous on its face. Even if a contract appears unambiguous on its face, a latent ambiguity may be exposed by extrinsic evidence which reveals more than one possible meaning to which the language of the contract is yet reasonably susceptible." (*Ibid.*)

Shannon argues that the trial court committed reversible error because, in finding the disputed term in the Water Rights Agreement was unambiguous, it "did not consider any of the extrinsic evidence" presented in support of Shannon's RFO or received by the court during an evidentiary hearing held in 2022.[1] We are not persuaded by this contention.

Contrary to Shannon's argument, the statement of decision reflects the trial court did not limit its analysis to the language of the Water Rights Agreement. The court explained that it reviewed and considered all of the documents filed in support of and in opposition to Shannon's RFO.[2] Although the statement of

---

[1] The hearing pertained to an RFO filed by John in June 2022, seeking to, among other things, enforce the judgment's provisions requiring the sale of N12 and N13. In December 2022, the trial court took John's request to enforce the sale of N12 and N13 off calendar, without prejudice, and permitted Shannon to file the RFO underlying this appeal. The parties do not dispute that the evidence admitted at the 2022 hearing is part of the record on Shannon's RFO.

[2] For this reason, Shannon's reliance on *Rainier Credit Co. v. Western Alliance Corp.* (1985) 171 Cal.App.3d 255, is misplaced. There, the trial court's statement of decision

7

decision did not mention the evidence presented at the 2022 evidentiary hearing, the court's silence on the matter does not demonstrate it refused to consider that evidence in ruling on the RFO. " 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.) Shannon has not affirmatively shown on the record before us that the trial court committed the error asserted.

III.  ***Shannon has not shown reversal is required based on the trial court's exclusion of an e-mail from evidence***

At the evidentiary hearing held in 2022, Shannon sought to admit into evidence an e-mail by John's counsel showing John's monetary valuations of N12 and N13. John objected on grounds that the e-mail was hearsay and contained statements made in the course of settlement negotiations. (See Evid. Code, §§ 1200, 1152, subd. (a).) The trial court sustained both objections. Shannon claims the trial court erred by excluding the e-mail from evidence.

We review a trial court's evidentiary rulings for abuse of discretion. (*Twenty-Nine Palms Enterprises Corp. v. Bardos* (2012) 210 Cal.App.4th 1435, 1447.) Shannon has the burden of showing not only that the trial court erred, but also that the error

---

specified that the court "did not consider the extrinsic evidence presented" when it interpreted a disputed contract term. (*Id.* at p. 261.) No similar facts exist here.

was prejudicial.  (*Hoffman Street LLC v. City of West Hollywood* (2009) 179 Cal.App.4th 754, 772–773.)

Shannon does not meet her burden.  In her opening brief, Shannon does not present any analysis or legal authority regarding John's hearsay and Evidence Code section 1152 objections.  Nor has Shannon shown how she was prejudiced by the e-mail's exclusion.  Shannon therefore has forfeited her arguments regarding the court's evidentiary ruling (*Sviridov v. City of San Diego* (2017) 14 Cal.App.5th 514, 521) and failed to demonstrate reversal is required based on the exclusion of evidence.

## DISPOSITION

The order denying Shannon's RFO is affirmed.  John shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

TAMZARIAN, J.

We concur:

ZUKIN, P.J.

MORI, J.

9