Filed 8/3/22  Cal Fire Local 2881 v. State Personnel Bd. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CAL FIRE LOCAL 2881 et al., | C093495 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34-2020-80003329-CU-WM-GDS) |
| v. | |
| STATE PERSONNEL BOARD et al., | |
| Defendants and Respondents. | |

CAL FIRE Local 2881 (Local 2881)[1] and Wade Sizemore appeal from an order denying a petition for writ of mandate.  Sizemore was terminated for cause as a seasonal firefighter.  After a "name-clearing" hearing, which resulted in deletion of the "for cause" designation but not reinstatement of Sizemore as a firefighter, Local 2881 and Sizemore attempted to file an administrative appeal with the State Personnel Board (SPB).  SPB's

---

[1] Local 2881 is the union representing the employees of the Department of Forestry and Fire Protection (CAL FIRE), including seasonal firefighters.

1

response was that it lacked jurisdiction to hear the appeal because a seasonal firefighter is not a "Firefighter" as defined by the Firefighters Procedural Bill of Rights Act (FPBOR) (Gov. Code, § 3250 et seq.),[2] which gives terminated firefighters the right to an administrative appeal.[3]  Local 2881 and Sizemore filed an unsuccessful petition for writ of mandate in the superior court to compel SPB to entertain Sizemore's administrative appeal.  The trial court found FPBOR does not apply to seasonal firefighters like Sizemore.  We agree and will affirm the order.[4]

### FACTUAL AND PROCEDURAL BACKGROUND

In the petition for writ of mandate, Sizemore alleged he "was a firefighter as defined" in section 3251, subdivision (a), and that Sizemore "is not a probationary employee in his position as a Firefighter I (seasonal)."  On that basis, the petition challenged respondents' "practice of disciplining or separating [seasonal] employees early and in response to alleged misconduct, and/or negatively impacting their right to rehire the following fire season, without the ability to have an administrative appeal pursuant to [FPBOR]."

As stated in the supporting declaration of Darren Dow, state rank and file director of Local 2881, CAL FIRE hires approximately 2,600 seasonal employees for the fire season, who can work up to nine months a year.  Seasonal firefighters are the most junior

---

[2]  All undesignated statutory references are to the Government Code.  As discussed, *post*, the Legislature has subsequently amended FPBOR (Sen. Bill No. 206 (2021-2022 Reg. Sess.)).  Unless otherwise noted, references to FPBOR are to the statute in effect at the time the petition was filed (Stats. 2007, ch. 591).

[3]  In addition to CAL FIRE and SPB, Local 2881 and Sizemore named the Department of Human Resources (CalHR) as a respondent.  However, the petition did not allege any involvement by CalHR other than its refusal to hear Sizemore's appeal after SPB stated that it lacked jurisdiction.

[4]  Justice Earl took no part in the preparation or decision in this appeal.

2

firefighters but otherwise provide the same services as firefighters in the higher ranks. CAL FIRE's practice is to rehire seasonal firefighters from year to year. Seasonal firefighters have automatic rehire rights by seniority unless terminated for cause.

From May to November from 2015 through 2018, CAL FIRE hired Sizemore as a seasonal firefighter and assigned him to work out of the Fort Bragg Station in the Mendocino Unit. On August 2, 2018, during the fire season, Sizemore received a notice of termination with cause. The termination notice was based on allegations of acts of insubordination that Sizemore denied and contended were based on inaccurate facts.

Sizemore appealed the decision. CAL FIRE granted Sizemore a " 'name clearing' " hearing, which consisted of an interview with CAL FIRE Unit Chief George Gonzalez. After the interview, Chief Gonzalez sought authorization to reverse the termination decision but, pursuant to California Code of Regulations, title 2, section 63.1, subdivision (b)(4), the only permissible relief was to revoke the " 'for cause' " designation.[5]

The name clearing regulation provides that a seasonal employee "terminated for fault, based on charges of misconduct which might stigmatize his or her reputation, or seriously impair his or her opportunity to earn a living, or which might seriously damage his or her standing or association in [the] community" is entitled to a " 'Name Clearing' " hearing by the appointing authority on request. (Cal. Code Regs., tit. 2, § 63.1, subd. (a).) The appointing authority's representative conducting the hearing "should be a neutral, impartial decision-maker, who has the authority to sustain the termination, or revoke the 'for fault' designation . . . ." (*Id.*, subd. (b)(4).) If the fault allegations are not supported, a decision will issue that the termination was without fault, but the decision "will not, however, require that the appellant be reinstated to his or her position . . . ." (*Id.*,

---

[5] Dow's declaration attached as an exhibit a letter confirming the limited relief available. The copy of the letter in the record is illegible.

subd. (c).) SPB does not conduct name clearing hearings, "nor is there any right of appeal to the [SPB]" from the decision. (*Id.*, subd. (d).)

Gonzalez removed the "for cause" designation from Sizemore's termination. Sizemore claims he was denied pay and benefits for the remainder of the 2018 season and could not be rehired by CAL FIRE.

Sizemore appealed the decision to the SPB. Sizemore maintained "[t]hese actions took place solely as a result of inaccurate, inconsistent and unsupported allegations without the right to pre-disciplinary due process, without (according to CAL FIRE) the right to post-disciplinary due process, and in violation of the Firefighters Procedural Bill of Rights Act, specifically, Government Code section 3254 which requires an administrative appeal consistent with the Administrative Procedures Act."

SPB responded with a letter stating that it lacked "jurisdiction for an appeal from a termination of a seasonal appointment," quoting the entirety of California Code of Regulations, title 2, section 63.1. SPB noted that section 63.1, subdivision (d), provides that there is no right of appeal to the SPB from a name-clearing decision.

Counsel for Local 2881 thereafter wrote a letter to counsel for CalHR, CAL FIRE Legal, and SPB summarizing the events and acknowledging that SPB had consistently contended that it did not have jurisdiction over name-clearing hearings involving adverse action, including termination of seasonal firefighters. Counsel for Local 2881 argued: "However, under [FPBOR] seasonal firefighters do have the right to an evidentiary hearing, because they are NOT probationary employees -- the only type of firefighter excluded from coverage." Counsel further argued: "The state entities receiving this letter have collectively taken positions that cannot be reconciled with the fact that Firefighter Sizemore is entitled to an evidentiary hearing in accordance with [Administrative Procedure Act] rules under [FPBOR]: (1) The SPB is the only state entity capable of providing an evidentiary hearing to state firefighters; and (2) The SPB does not have jurisdiction to provide a hearing involving seasonal firefighters." Counsel

4

for Local 2881 advised that if SPB did not provide Sizemore with an evidentiary hearing, Sizemore and Local 2881 would seek recourse in court.

Counsel for SPB responded with a letter noting that a seasonal firefighter "is a temporary position. Temporary employees are not appointed from an employment list. [Citation.] They are not required to go through the rigors of competing for their positions and do not serve probationary periods. Temporary employees do not have a vested right in a civil service position." Counsel continued that "[s]easonal or temporary employees do not occupy the same protected status as other civil servants. As such, [SPB]'s constitutional obligations to provide evidentiary hearings do not extend to them."

With respect to Local 2881's contentions regarding FPBOR, SPB's counsel stated: "While I do not necessarily share your interpretation of [FPBOR], as its application appears to be limited to firefighters who successfully complete the probationary period, any hearing rights that may be extended to seasonal firefighters are likely limited to a similar name-clearing hearing," and "[t]here can be no effective remedy offered to a seasonal firefighter that would amount to a guarantee of his or her position or extend civil service property rights or protection to persons who have not completed or attained civil service status under the appropriate civil service rules."

The trial court conducted a trial on the papers, the parties submitted points and authorities, and the court issued a tentative ruling denying the petition for writ of

mandate.**6**  After hearing oral argument, the court issued a final order essentially adopting the tentative ruling.**7**

In the order, the trial court highlighted the definition of " ' "Firefighter" ' " in section 3251, subdivision (a), which included the following:  " '*This chapter does not apply to any employee who has not successfully completed the probationary period established by his or her employer as a condition of employment.*' "  The court explained: "Seasonal firefighters are not permanent employees, or persons working through probationary periods attempting to become permanent employees.  Thus, seasonal firefighters are not required to serve a probationary period.  And if they do not serve probationary periods, then they will always, and by definition, be 'employee[s] who ha[ve] not successfully completed the probationary period established by his or her . . . employer as a condition of employment.'  [FPBOR] expressly 'does not apply' to such employees."  The court found that section 3254 of FPBOR reinforced this interpretation "when it states punitive action shall not be taken 'against any firefighter *who has successfully completed the probationary period* without providing the firefighter an opportunity for an administrative appeal.' "

---

**6**  In the tentative ruling, the trial court denied CAL FIRE's request for judicial notice of a bill that the Legislature failed to enact in 2020, which would have amended the definition of "Firefighter" in FPBOR to include seasonal firefighters.  The court also stated it would not consider a declaration by counsel for Local 2881, Gary Messing, filed with its reply brief, attesting, inter alia, to CAL FIRE's history of applying FPBOR to seasonal firefighters.  The court's ruling on the request for judicial notice was unchanged in the final order.  However, the court expanded on the reasons it would not consider Messing's declaration.  Neither evidentiary ruling is challenged by the parties.

**7**  An order denying a petition for writ of mandate, which determines the rights of the parties, constitutes a final judgment for purposes of appeal, notwithstanding the lack of a formal judgment.  (*Breslin v. City and County of San Francisco* (2007) 146 Cal.App.4th 1064, 1073-1074; *City of Calexico v. Bergeson* (2021) 64 Cal.App.5th 180, 191.)

The trial court rejected Sizemore's interpretation of the definition of "Firefighter" in FPBOR as excluding only employees who failed to complete a probationary period established by employer, an exclusion which would not apply to a seasonal firefighter hired without a probationary period. The court found "it would be anomalous to interpret [FPBOR] as giving temporary employees more rights than probationary employees and rights equal to permanent employees, and . . . the Legislature could not have intended such a result."

## DISCUSSION

Sizemore contends that the trial court misinterpreted FPBOR in "holding that a seasonal firefighter whose position does not require a probationary period is not a 'firefighter' as that term is defined by the [FPBOR]" and "therefore not entitled to an administrative appeal in accordance with the formal hearing provisions of the Administrative Procedures Act."

Because Sizemore's appeal involves application of FPBOR to undisputed facts, "our review is de novo." (*Poole v. Orange County Fire Authority* (2015) 61 Cal.4th 1378, 1384 (*Poole*); *Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183, 190 (*Smith*).)

" ' " 'When we interpret a statute, "[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." [Citation.] "Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word,

7

phrase, sentence, and part of an act in pursuance of the legislative purpose." ' " '
[Citation.]" (*Smith, supra*, 11 Cal.5th at p. 190; see also *Poole, supra,* 61 Cal.4th at
pp. 1384-1385.)

The version of section 3251, subdivision (a), of FPBOR applicable to Sizemore's
petition defines " 'Firefighter' " subject to the statute to mean "any firefighter employed
by a public agency, including, but not limited to, any firefighter who is a paramedic or
emergency medical technician, irrespective of rank. However, 'firefighter' does not
include an inmate of a state or local correctional agency who performs firefighting or
related duties or persons who are subject to Chapter 9.7 (commencing with Section
3300). This chapter does not apply to any employee who has not successfully completed
the probationary period established by his or her employer as a condition of
employment."

Sizemore contends the third sentence of section 3251, subdivision (a), is intended
to exclude only employees who failed to complete a probationary period required as
condition of employment and does not exclude employees who are not required to
complete a probationary period. The plain language of section 3251, subdivision (a),
does not support this interpretation. Use of the word "any" means that the provision is
intended to be all embracing. (See *Bains v. Department of Industrial Relations* (2016)
244 Cal.App.4th 1120, 1131 [" ' "Generally, 'any' means *all* or *every*. 'From the earliest
days of statehood the courts have interpreted "any" to be broad, general, and all
embracing' " ' "].) This provision is also phrased as a double negative, which when
stated in the affirmative, means that all firefighters who have completed a probationary
period are subject to FPBOR. (*In re C.H.* (2011) 53 Cal.4th 94, 103, fn. 5 ["Under
traditional principles of grammar, a 'double negative' combines to form an
affirmative"].) Thus, this sentence of section 1351, subdivision (a), describes the
universe of firefighters subject to FPBOR as all firefighters who have successfully
completed a probationary period for permanent employment. (§ 19171 [completion of a

8

probationary period is required "when an employee enters or is promoted in the state civil service by permanent appointment from an employment list"].)

Sizemore acknowledges that a seasonal firefighter is a temporary position, not a permanent position. California public employee law requires service of a probationary period, inter alia, "when an employee enters or is promoted in the state civil service by permanent appointment from an employment list . . . ." (§ 19171.) Section 19059 provides that "[a] temporary appointee shall not acquire any probationary or permanent status or rights, and time spent under temporary appointment shall not contribute to the probationary period if the appointee is subsequently successful in an examination and is certified and appointed to the position." Therefore, as a temporary employee, Sizemore cannot be deemed to have completed a probationary period, meaning that FPBOR cannot apply to him.

As a temporary employee, Sizemore is not without due process rights when his employment has been terminated for cause. "[I]t is well established that 'an at-will [public] employee's *liberty* interests are deprived when his discharge is accompanied by charges "that might seriously damage his standing and associations in his community" or "impose[ ] on him a stigma or other disability that foreclose[s] his freedom to take advantage of other employment opportunities." ' [Citations.] When such a liberty deprivation occurs, a party has a right to a 'name-clearing hearing.' [Citation.]" (*Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 305.) However, a temporary employee is not entitled to an evidentiary hearing. (See *Holmes v. Hallinan* (1998) 68 Cal.App.4th 1523, 1530-1532; see also *Riveros v. City of Los Angeles* (1996) 41 Cal.App.4th 1342, 1354-1355.) And the remedy available is limited. An employee's liberty interest "entitles the employee *only* to a name-clearing hearing, and not to reinstatement, back pay, or other equitable relief . . . ." (*Kreutzer v. City and County of San Francisco* (2008) 166 Cal.App.4th 306, 320, fn. 9.) The name-clearing hearing

9

under California Code of Regulations, title 2, section 63.1 that Sizemore requested and received satisfied due process.

Section 3254, subdivision (b) renders it impossible to accept an interpretation of FPBOR that mandates Sizemore receive an administrative appeal of his termination. Section 3254, subdivision (b), provides: "Punitive action or denial of promotion on grounds other than merit shall not be undertaken by any employing department or licensing or certifying agency against *any firefighter who has successfully completed the probationary period* without providing the firefighter with an opportunity for administrative appeal." (Italics added.) There is simply no rational way to read the italicized portion as meaning anything other than the right to administrative appeal of discipline is reserved for permanent firefighters who have completed the probationary period, rather than seasonal, temporary firefighters who do not serve a probationary period and whose service cannot count as a probationary period.

In 2021, while this appeal was pending and apparently in reaction to the trial court's decision, the Legislature enacted Senate Bill No. 206, amending FPBOR to encompass seasonal firefighters. Section 3251, subdivision (a)(1), as amended provides: " 'Firefighter' means any firefighter employed by a public agency, including, but not limited to, any firefighter who is a paramedic or emergency medical technician, irrespective of rank. 'Firefighter' also means an employee of the Department of Forestry and Fire Protection holding a temporary appointment to a firefighter position and employed as a seasonal firefighter." (§ 3251, subd. (a)(1), as amended by Stats. 2021, ch. 722, § 1, eff. Jan. 1, 2022.) The exclusion of probationary employees appears in a separate paragraph. (§ 3251, subd. (a)(3), as amended by Stats. 2021, ch. 722, § 1, eff. Jan. 1, 2022.) However, subdivision (a)(4) adds a provision that: "Notwithstanding paragraph (3), this chapter shall apply to an employee of the Department of Forestry and Fire Protection holding a temporary appointment to a firefighter position who has commenced employment in a second consecutive fire season with the department even

10

though the person holding this position does not serve a probationary period." (§ 3251, subd. (a)(4), as amended by Stats. 2021, ch. 722, § 1, eff. Jan. 1, 2022.)

Senate Bill No. 206 also added a new provision to FPBOR, section 3254.6 (Stats. 2021, ch. 722, § 3), which provides:  "An employee of the Department of Forestry and Fire Protection holding a temporary appointment to a firefighter position, as described in paragraph (4) of subdivision (a) of Section 3251, shall not be terminated for cause without a right to appeal the termination to the State Personnel Board subject to the board's rules." (§ 3254.6, subd. (a)(1).)  Section 3254.6 further provides that SPB shall hold a formal evidentiary hearing on the appeal, at which the terminated seasonal firefighter would have the burden of proof to show the termination was not supported by a preponderance of the evidence or was in bad faith.  (§ 3254.6, subd. (a)(2).) Subdivision (a)(3) of section 3254.6 sets forth remedies if the employee prevails, including reinstatement but not back pay.  (§ 3254.6, subd. (a)(3).)  Lastly, section 3254.6, subdivision (b) states that the new section does not "create a property interest in any temporary appointment to a firefighter position or to a permanent position within the state." (§ 3254.6, subd. (b).)

The parties debate whether the changes wrought by Senate Bill No. 206 are a clarification of existing law or a change in the law.  "A statute that merely clarifies, rather than changes, existing law is properly applied to transactions predating its enactment. [Citation.]  However, a statute might not apply retroactively when it substantially changes the legal consequences of past actions, or upsets expectations based in prior law. [Citations.]" (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922 (*Carter*); see also *Scott v. City of San Diego* (2019) 38 Cal.App.5th 228, 236 [a statute that clarifies existing law may be applied retrospectively " 'because the true meaning of the statute remains the same' "].)

"Material changes in language . . . may simply indicate an effort to clarify the statute's true meaning.  [Citation.]  'One such circumstance is when the Legislature

11

promptly reacts to the emergence of a novel question of statutory interpretation[.]' [Citation.] ' " 'An amendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act, where the amendment was adopted soon after the controversy arose concerning the proper interpretation of the statute. . . . [¶] If the amendment was enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act—a formal change—rebutting the presumption of substantial change.' [Citation.]" ' [Citation.]" (*Carter, supra*, 38 Cal.4th at p. 923.)

"Whether an amendment represents a change in the law or merely a declaration of existing law is a question of interpreting existing law, a task that ultimately belongs to the judiciary. [Citation.]" (*Gerard v. Orange Coast Memorial Medical Center* (2018) 6 Cal.5th 443, 454-455.)

We conclude that Senate Bill No. 206 did not merely clarify FPBOR. " 'A court engaged in statutory construction looks to "all pertinent circumstances and considerations in deciding whether an amendment is a modification or clarification of a statute." [Citation.] And particularly when there is no definitive "clarifying" expression by the Legislature in the amendments themselves, we will presume that a substantial or material statutory change . . . bespeaks legislative intention to change, and not just clarify, the law.' [Citation.]" (*Moore v. Regents of University of California* (2016) 248 Cal.App.4th 216, 246-247.) The legislative history of Senate Bill No. 206 includes committee reports stating that the bill makes changes to FBOR and clarifies to whom FPBOR applies by resolving an ambiguity in existing law relating to the application of the FPBOR to temporary, seasonal firefighters. (Assem. Com. on Public Employment and Retirement, Analysis of Sen. Bill No. 206 (2021-2022 Reg. Sess.) June 23, 2021, pp. 1 & 6.) There is nothing in the amendments themselves expressing the Legislature's intention to clarify

12

existing law.  Rather, as explained below, the amendments make material changes to the law.

In amending the definition of "Firefighter" in the FPBOR, the amendments did not include every seasonal firefighter, but only those who had commenced their second consecutive season.  (§ 3251, subd. (a)(4).)  In so doing, the amendment created in effect a probationary period for a temporary position that formerly had none.  (Assem. Com. on Public Employment and Retirement, Analysis of Sen. Bill No. 206 (2021-2022 Reg. Sess.) June 23, 2021, p. 1 ["an employee holding a temporary appointment to a firefighter position by CAL FIRE and employed as a seasonal firefighter must be deemed to have successfully completed the requisite probationary period if CAL FIRE employs the firefighter in the same classification for a second temporary appointment immediately subsequent to the first"].)

The amendments also added procedures for a seasonal firefighter to appeal a termination decision to the SPB.  (§ 3254.6.)  Under the new section, the burden of proof is on the seasonal firefighter to show that the termination was not valid.  (§ 3254.6, subd. (a)(2).)  As CAL FIRE points out, this is unlike appeals by permanent civil service employees where the state bears the burden of persuasion (§§ 19578, 19582), but similar to the burden imposed on a probationary employee appealing rejection by an appointing authority (§ 19175, subd. (d)).

In sum, Senate Bill No. 206 created for seasonal firefighters a special category of temporary employee that provides a hybrid of protections and procedures available to other permanent and probationary public employees.  These changes in the law are significant and cannot be deemed a mere clarification.

Having determined that Senate Bill No. 206 did not clarify existing law, the next inquiry is whether the amendments to FPBOR are retroactive.  (*McClung v. Employment Development Dept.* (2004) 34 Cal.4th 467, 474-475.)  Local 2881 and Sizemore do not contend that the amendments are retroactive.  Moreover, the legislative history indicates

13

that legislators were not concerned that Senate Bill No. 206 would interfere with the present appeal, because "this bill would operate prospectively; whereas, the subject of the litigation involves matters that predate this bill." (Assem. Com. on Public Employment and Retirement, Analysis of Sen. Bill No. 206 (2021-2022 Reg. Sess.) June 23, 2021, p. 6.)

## DISPOSITION

The order denying the petition for writ of mandamus is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (5).)

/s/
HOCH, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
KRAUSE, J.

14