Filed 8/19/21  Marriage of Chollera and Ray CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re the Marriage of BIJAL CHOLLERA and RAKESH RAY. | B291787 |
| BIJAL CHOLLERA,<br><br>Respondent,<br><br>v.<br><br>RAKESH RAY,<br><br>Appellant. | (Los Angeles County Super. Ct. No. KD082145) |

APPEAL from an order of the Superior Court of Los Angeles County, H. Don Christian, Judge Pro Tempore. Affirmed.

Rakesh Ray, in pro. per., for Appellant.

Bijal Chollera, in pro. per., for Respondent.

# INTRODUCTION

In June 2018, the trial court denied appellant Rakesh Ray's August 2017 request for order (RFO) to modify child and spousal support, finding the matter should be heard by a child support commissioner.[1] On appeal, Ray fails to address this finding, arguing instead that the court ignored the changed circumstances he presented, committed fraud, and was involved in a conspiracy to steal money on behalf of his ex-wife, respondent Bijal Chollera. Chollera urges us to affirm the order below and award sanctions against Ray. We affirm the court's denial of Ray's RFO, but deny Chollera's request for sanctions.

# STATEMENT OF RELEVANT FACTS

Chollera and Ray married in February 2001 and separated in May 2011. They have two minor children. Chollera filed a divorce petition in July 2011. In March 2015, a judgment was entered dissolving the marriage, ordering Ray to pay Chollera child and spousal support, and disposing of real and personal property. Ray's motion to set aside the judgment was denied, and we affirmed the judgment on appeal. (*Chollera v. Ray* (Feb. 7, 2017, B263180) [nonpub. opn.].) After the Supreme Court denied

---

[1] Pursuant to Family Code section 4251, the Los Angeles County Superior Court has designated commissioners who hear only support issues.

Ray's petition for review, we issued the remittitur in May 2017.

In August 2017, Ray filed an RFO to modify child and spousal support, alleging that his income had decreased significantly, and that Chollera was intentionally unemployed, despite a court order to find a job. The RFO was repeatedly continued until June 4, 2018. In May 2018, Ray filed an Income and Expense Declaration, claiming an average monthly income of $450 and total monthly expenses of $450. That same day, he filed an ex parte RFO to end spousal support, arguing that he had no income, and that the Child Support Services Division (CSSD) had stolen $350 of his "grocery money" and was harassing and threatening him. The ex parte RFO was denied.

At the June 4 hearing, the court inquired whether Ray had paid any child support, and Chollera advised that CSSD had recently removed $350 from his bank account. Ray complained that the $350 was his "grocery money" and that he had subpoenaed CSSD to appear at the instant hearing. After confirming that CSSD was still enforcing the case, the court informed Ray that the proper forum for his request was before a support commissioner, and directed the clerk to provide him an address and phone number to contact. Ray responded, "Okay, your honor."

After the hearing, the court issued a minute order stating in pertinent part: "Respondent's requests are denied as fully reflected in the notes of the court reporter." Ray timely appealed.

# DISCUSSION

## A.    *The Court Did Not Err in Denying Ray's RFO*

"Each county shall maintain a local child support agency . . . that shall have the responsibility for promptly and effectively establishing, modifying, and enforcing child support obligations, . . . [and] enforcing spousal support orders established by a court of competent jurisdiction . . . ." (Fam. Code, § 17400, subd. (a).)  "[E]ach superior court shall provide sufficient commissioners to hear Title IV-D child support cases filed by the local child support agency. . . .  All actions or proceedings filed by a party other than the local child support agency to modify or enforce a support order . . . for which enforcement services are being provided pursuant to Section 17400 shall be referred for hearing to a child support commissioner unless a child support commissioner is not available due to exceptional circumstances . . . ."  (Fam. Code, § 4251, subd. (a).)

Here, the parties confirmed CSSD was providing enforcement services regarding the court's support order, which Ray sought to modify.  Nothing in the record indicates a support commissioner was unavailable.  Therefore, the court did not err in denying Ray's RFO and referring him to a support commissioner.

Ray does not argue the court erred in so finding.  Instead, he complains the court ignored the changed

4

circumstances he presented and denied his RFO due to alleged fraud and conspiracy. Ray demonstrates no error.

First, the court correctly found that the proper forum for Ray's RFO was before a support commissioner. Therefore, the court did not err in refusing to grant his RFO and referring him to the proper forum.

Second, as to the court's alleged fraud and conspiracy, Ray recites a litany of ways he believes he was wronged by the court's allegedly erroneous rulings, but provides no record support, case law, or reasoned argument for those claims. He makes accusations without citing to any record on which to evaluate a claim of bias or error[2] and complains of matters already disposed of in his previous appeal.[3] Accordingly, we treat this argument as forfeited. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41 ["We are not required to examine undeveloped claims or to supply arguments for the litigants"]; *Sviridov v. City of San Diego* (2017) 14 Cal.App.5th 514, 521 [failure to present reasoned argument constitutes forfeiture].)

Finally, to the extent Ray suggests the court was compelled to grant his RFO based on his unsupported representations, he is mistaken. "'The ultimate

---

[2] E.g., Ray claims the court refused him permission to cross-examine or question any witness in nine years of litigation, but cites nothing in the record to support this claim.

[3] E.g., Ray argues the court erred by entering a dissolution judgment when the parties did not have a "legal marriage."

determination of whether the individual facts of the case warrant modification of support is within the discretion of the trial court.'" (*In re Marriage of Usher* (2016) 6 Cal.App.5th 347, 358.)  "Credibility is a matter within the trial court's discretion." (*In re Marriage of Meegan* (1992) 11 Cal.App.4th 156, 162.)  Nothing required the court to believe Ray's testimony (disputed by Chollera) that his monthly income was $450.

### B.    *We Deny Chollera's Request for Sanctions*

In her respondent's brief, Chollera requests that "sanctions be imposed against the Appellant for his malice, abusive behavior, slandering and libel."  Because Chollera requests sanctions only in her brief, and not in a procedurally proper motion, we deny the request.  (See *Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919 [denying respondent's request for sanctions because respondent "has not filed a separate sanctions motion as required by California Rules of Court, rule 8.276(b)(1). Sanctions cannot be sought in the respondent's brief"]; *Saltonstall v. City of Sacramento* (2014) 231 Cal.App.4th 837, 858-859 [same].)

**DISPOSITION**

The court's order denying Ray's August 2017 RFO is affirmed. Chollera is entitled to her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

COLLINS, J.

7