Filed 11/29/23  Marriage of Hiramanek CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Santa Clara)

----

| | |
|---|---|
| In re the Marriage of KAMAL and ADIL HIRAMANEK. | C086075/C087408/C088446 |
| KAMAL HIRAMANEK, Respondent, v. ADIL HIRAMANEK, Appellant. | (Super. Ct. No. 2009-1-FL-149682) |

This case and others involving Adil Hiramanek and his family members were originally filed in Santa Clara County Superior Court.  Following initial proceedings in the Sixth Appellate District, various appeals, including these three, were transferred to this district.  These appeals arise from motions, requests, and an application filed by Adil in a dissolution action between Kamal Hiramanek (now Kapadia) and Adil. We will refer to Hiramanek family members by their first names for clarity.  Kamal did not file a respondent's brief.

In 2010, the superior court declared Adil a vexatious litigant subject to a prefiling order under Code of Civil Procedure section 391.7. That order was affirmed by the Court of Appeal, Second Appellate District in 2012. (*In re Marriage of Hiramanek* (Aug. 23, 2012, H035887) [nonpub. opn.].)

In appeal No. C086075, Adil challenges the family court's denial of his motion to modify child custody and remove one of the children as a protected person under a restraining order issued against Adil. He also seeks to appeal from several orders of the superior court denying his requests to file new litigation. In appeal No. C087408, Adil challenges a family court order characterizing assets in the children's accounts. And in appeal No. C088446, Adil challenges the family court's order denying his application to vacate the prefiling order and remove him from the vexatious litigants list.

Adil contends the court erred by (1) improperly characterizing funds in the children's accounts and not ordering discovery concerning the meaning of a relevant provision in an agreement between Adil and Kamal; (2) denying Adil's motion to remove one of the children as a protected person under a restraining order; (3) denying his requests to file new litigation; and (4) denying his application to vacate the prefiling order and remove him from the vexatious litigants list.

Regarding the third contention, to the extent Adil seeks in case No. C086075 to appeal from orders denying his requests to file new litigation, that portion of the appeal must be dismissed because an order denying a request to file new litigation by a vexatious litigant is not appealable. In all other respects we will affirm the challenged orders.

BACKGROUND

Adil and Kamal married in 1998. Kamal filed a petition for dissolution in 2007, but they reconciled in 2008. As part of the reconciliation and dismissal of the dissolution action, Adil and Kamal entered into an agreement that was adopted as an order of the family court after a hearing in July 2008. (*In re Marriage of Hiramanek* (Apr. 17, 2019,

2

C082930) [nonpub. opn.].)[1]  Adil's mother Roda was a party to the agreement (and a party to the dissolution action following her complaint in intervention) because some property held in her name was at issue in the dissolution action.  Roda relinquished her interest in the family residence, and Kamal relinquished any claim to Roda's assets in specified accounts.  Additionally, the parties agreed that accounts in their minor children's names would be held only for the benefit of the children, with Kamal as custodian of the accounts.

In March 2009, eight months after the family court's adoption of the agreement as an order of the court, Kamal again filed a petition for dissolution.  Adil attempted to have the agreement set aside, but the family court denied his motion.  Roda also sought to have the agreement set aside with respect to her relinquishment of her interest in the family residence, but the family court denied her request and this court affirmed the denial. (*In re Marriage of Hiramanek, supra*, C082930.)

We provide additional background in the discussion as relevant to the specific contentions on appeal.

DISCUSSION

I

Adil contends the family court erred by improperly characterizing funds in the children's accounts and not ordering discovery concerning the meaning of the children's funds provision in the agreement.  The contention pertains to appeal No. C087408.

In the July 2008 agreement, the parties stipulated, among other things, that any funds in accounts in the names of their children would be "used only for the benefit of the children in the discretion of the current custodian."  The agreement further provided that

---

[1] On the court's own motion, we take judicial notice of this opinion resulting from an appeal that originated from the same superior court action as this appeal. (Evid. Code, § 452, subd. (d).)

3

Kamal would act as custodian of the children's accounts. Kamal was to pay to Adil about $120,000 from the children's accounts for expenses Adil had already paid for the children.

Kamal filed a new dissolution action in 2009, and in August 2017, Adil filed a request to enforce the agreement and adjudicate reserved issues. He requested, among other things, an order recharacterizing the children's assets as community property to be divided in the dissolution action. Although the petition for marriage dissolution had been granted in 2011, the family court had reserved jurisdiction over the characterization of the assets in the children's accounts. The family court denied Adil's requested recharacterization, finding that Adil and Kamal had stipulated in the agreement that the funds in the children's accounts were solely for the children and not for Adil and Kamal. According to the family court, nothing in the agreement indicated the stipulated characterization would end upon dissolution of the marriage.

Adil now argues (A) the agreement is void, (B) the family court erred in interpreting the agreement, and (C) the family court erred in excluding extrinsic evidence and denying discovery about extrinsic evidence.

A

Adil argues the agreement is void because Roda, who signed the agreement and relinquished any claim to the family residence, did not understand the proceedings when the family court accepted the agreement as an order of the court in July 2008. Adil provides no authority, and we know of none, establishing that he can assert Roda's alleged misunderstanding of the agreement to void the agreement as to himself. (*Sviridov v. City of San Diego* (2017) 14 Cal.App.5th 514, 521 (*Sviridov*) [failure to provide authority forfeits argument].) In any event, Roda's prior challenge to the validity of the agreement was unsuccessful. (*In re Marriage of Hiramanek, supra*, C082930.)

4

B

Adil makes several arguments contesting the family court's interpretation of the agreement.

He argues there was a prior determination that the agreement was limited to the duration of the marriage: specifically, a 2013 family court ruling establishing that tax provisions of the agreement applied only to the years when Adil and Kamal were married. Although the tax status of the parties and the use of funds for the children are arguably distinct issues, Adil provides no citation to the record on appeal to help us resolve the question, and hence the argument is forfeited. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 (*City of Lincoln*) [arguments not supported by adequate citations to the record need not be considered on appeal].)

Adil also argues that a provision in the agreement requiring the parties to maintain complete financial transparency with each other "during their marriage" limits the duration of the entire agreement. Adil provides no authority for this proposition, and its merit is not self-evident. (*Sviridov, supra*, 14 Cal.App.5th at p. 521 [failure to provide authority forfeits argument].) The quoted provision does not expressly limit the duration of the entire agreement.

Adil further argues any ambiguity in the agreement must be construed against Kamal because she and her attorney drafted it. (See Civ. Code, § 1654.) Adil does not establish ambiguity in the agreement with respect to the children's accounts, however, and because he provides no citation to the record to establish that Kamal and her attorney drafted the agreement, the argument is forfeited. (*City of Lincoln, supra*, 102 Cal.App.4th at pp. 1239.)

Next, Adil argues the relevant provision of the agreement pertains to usage of the funds, not ownership. He claims the custodian of a fund is not an owner. The arguments do not undermine the challenged family court ruling.

5

In addition, Adil suggests the family court applied a double standard, proving that the courts are biased against his side of the family. Adil has not shown that the challenged ruling was unfair or biased.

Moreover, Adil asserts that a paragraph in the agreement providing for equalization of community assets is dispositive regarding characterization of the children's accounts. The cited paragraph provides in pertinent part: "Should [Kamal] ever file a divorce or any marital action, anywhere in the world, any payment made by [Adil], pursuant to this paragraph and paragraph 1 [concerning Adil's payment of some of Kamal's legal fees], will be offset from any future financial award of division of financial property, excluding any real property, child support, spousal support, legal fees, and personal property." The paragraph does not refer to the children's accounts and has no obvious bearing on their characterization.

C

Adil contends the family court erred by failing to consider extrinsic evidence in interpreting the provision pertaining to the children's accounts and by denying further discovery on the issue.

The meaning of a contract depends on the expressed intent of the parties, viewed objectively. If a contract is ambiguous, a court may consider extrinsic evidence to determine the parties' intent. (*Golden West Baseball Co. v. City of Anaheim* (1994) 25 Cal.App.4th 11, 21.)

We agree with the family court that the provision pertaining to the children's accounts is not ambiguous. The provision does not limit itself to the duration of the marriage, and nothing in the rest of the agreement imposes such a limitation on that provision. The only limitation is that any remaining funds are to be disbursed to the children when they reach a suitable age and maturity. Contrary to Adil's argument, the paragraph requiring the parties to maintain financial transparency during the marriage has no apparent effect on the duration of the provision pertaining to the children's accounts.

6

Because there is no ambiguity in the agreement with respect to the children's accounts, the family court properly refused to consider extrinsic evidence.

We review the denial of a motion to compel discovery for abuse of discretion. (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733.) Adil does not establish that the family court abused its discretion in denying his attempt to obtain further discovery.

## II

Adil next contends the family court erred in denying Adil's motion to remove one of the children as a protected person under a restraining order. The contention relates to appeal No. C086075.

Adil filed a motion to terminate a child custody order with respect to Karl, who was turning 18, and to remove him as a protected person on the restraining order. The family court ruled that the custody order as to Karl was terminated by operation of law when Karl turned 18. However, it denied Adil's motion to remove Karl as a protected person under the restraining order because the restraining order applied on its face until Karl turned 21 and Adil did not show a change in circumstances justifying the removal.

The relevant restraining order was filed on August 27, 2012. It listed Karl's age as 12 in 2012.

The restraining order is moot as to Karl. (See *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574 [issue moot when no effectual relief can be granted].) We can grant no effectual relief because the order expired by its own terms as to Karl when he turned 21 years old. While an expired restraining order may not be moot if it could have collateral legal consequences, there is no such showing here. (*San Diego Police Dept. v. Geoffrey S.* (2022) 86 Cal.App.5th 550, 564.)

Nevertheless, one matter raised in Adil's motion is not moot, as far as we can tell. Adil asked the family court to order Kamal to provide full contact details so that Adil could contact Karl. The family court denied the request, citing *In re Marriage of Jensen*

7

(2003) 114 Cal.App.4th 587, 594, which held that a family court lacks jurisdiction to facilitate visitation or contact after a child reaches the age of majority. On appeal, Adil disagrees that *Marriage of Jensen* supported the family court's refusal to order Kamal to give Adil contact information. However, the matter of contact between Adil and Karl is between the two of them now that Karl is an adult. How to facilitate that contact is beyond the jurisdiction of the family court. Adil offers no authority, and we know of none, requiring a family court to order a party to a marriage dissolution action to divulge the contact information of an adult child.

## III

In addition, Adil contends the superior court erred in denying his requests to file new litigation. The contention pertains to appeal No. C086075.

A vexatious litigant such as Adil must obtain permission from the presiding judge before filing any new litigation. (Code Civ. Proc., § 391.7.) Adil's notice of appeal in case No. C086075 listed several orders of the superior court denying his requests to file new litigation by a vexatious litigant. He contends it was error to deny those requests. To the extent Adil seeks in case No. C086075 to appeal from orders denying his requests to file new litigation, that portion of the appeal must be dismissed because an order denying a request to file new litigation by a vexatious litigant is not appealable. (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 78-79.)

## IV

Adil further contends the superior court erred by denying his application to vacate the prefiling order and remove him from the vexatious litigants list. The contention relates to appeal No. C088446.

As noted, Adil was designated a vexatious litigant subject to a prefiling order under Code of Civil Procedure section 391.7 on June 2, 2010. The designation and order were affirmed in *In re Marriage of Hiramanek, supra*, H035887. This application was

8

his fourth attempt to vacate the prefiling order and remove his name from the vexatious litigants list.

A vexatious litigant, such as Adil, may apply to vacate the prefiling order and have his name removed from the vexatious litigants list. (Code Civ. Proc., § 391.8, subd. (a).) "A court may vacate a prefiling order and order removal of a vexatious litigant's name from the Judicial Council's list of vexatious litigants subject to prefiling orders upon a showing of a material change in the facts upon which the order was granted and that the ends of justice would be served by vacating the order." (Code Civ. Proc., § 391.8, subd. (c).) Because the statute provides that a superior court "may" vacate a prefiling order on application, we review the denial of the application for abuse of discretion. (*Ibid*.; see *Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636 [applying abuse of discretion review to vexatious litigant determination].)

Adil applied to vacate the prefiling order on August 17, 2018. He claimed there had been a material change in the facts upon which the prefiling order was granted. Concerning the material change in facts, Adil declared that no new state court case had been commenced and that no further findings had been made concerning frivolous filings since his previous application to vacate the prefiling order.

The superior court considered Adil's application and issued a detailed order denying it on September 7, 2018. In the order, the superior court chronicled Adil's filings and concluded that the review "reveals he has continued to engage in the type of conduct that led to the entry of a prefiling order in the first instance." Adil filed at least 75 requests to file new litigation since he was declared a vexatious litigant. He also filed motions and litigation in his mother's name. Five months before the superior court order denying Adil's current application to vacate the prefiling order, a federal district court issued an order precluding Adil from making any filing without the court's permission.

The superior court concluded: "The numerous denied requests by [Adil] to file new litigation and his additional litigation activities as described herein necessarily show

9

a lack of material change in the facts upon which the prefiling order was granted. The substantial number of failed attempts to initiate new litigation exemplify that [Adil's] abusive and harassing litigation conduct was not abated and the prefiling order is, to a large extent, serving the purpose for which it was issued. The ends of justice would not be served by vacating the order."

Adil now argues the original prefiling order is void, the facts have materially changed, and the ends of justice would be served by vacating the order.

Adil did not include in his application to vacate the prefiling order any argument that the prefiling order is void. Therefore, he may not do so here. (*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2006) 136 Cal.App.4th 212, 226.) Furthermore, Adil's arguments attacking the validity of the original prefiling order were rejected long ago. (*In re Marriage of Hiramanek, supra*, H035887.) The validity of the prefiling order is no longer at issue.

Within Adil's argument that the prefiling order is void, he asserts that prefiling orders do not apply to pending litigation and to litigants other than plaintiffs (he being the respondent in the dissolution action) and thus does not apply to him. These arguments have been rejected in precedent Adil does not distinguish. (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 620-621.)

Adil argues there has been a material change in the facts and that vacating the prefiling order would serve the ends of justice, but he does not provide sufficient citations to the record. (Cal. Rules of Court, rule 8.204; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [appellant forfeited challenges on appeal by failing to cite to the record].)

Adil refers to a finding that he "regularly attempts to argue off-topic issues" in his filings, but the quoted language does not appear in the 2018 order subject to this appeal. Adil further asserts "there have been no hearings held in 2020, and barely any during the remaining of the review period." Adil provides no citation to the record for his assertion,

10

and in any event, because the challenged order was issued in 2018, proceedings in 2020 are not relevant.

Adil has not established error.

## DISPOSITION

As to case No. C086075, the portion of the appeal challenging orders denying permission to file new litigation is dismissed. The order denying Adil's motion to remove Karl as a protected person on the restraining order is affirmed.

As to case No. C087408, the orders denying Adil's motion concerning the children's accounts and denying further discovery on the matter are affirmed.

As to case No. C088446, the order denying Adil's application to vacate the prefiling order and remove him from the vexatious litigants list is affirmed.

The parties will bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


                                         /S/
                                   MAURO, Acting P. J.


We concur:


    /S/
DUARTE, J.


    /S/
BOULWARE EURIE, J.